UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALDEAN TRUEHART and JORDAN DEJESUS, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW BAIRD and NOAH PACK, <br><br> Defendants. | Civil Action No. 17-cv-30042-MAP |

## ORDER ON DEFENDANT NOAH PACK'S MOTION TO COMPEL CARLA MADERA, NON-PARTY WITNESS, TO COMPLY WITH DEPOSITION SUBPOENA AND TO ALLOW HER AND COREY BRIDA'S DEPOSITION DESPITE THE CLOSING OF NON-EXPERT DISCOVERY ON APRIL 16, 2018
(Dkt. No. 52)

Before the court is Defendant Noah Pack's Motion to Compel Carla Madera, Non-Party Witness, to Comply with Deposition Subpoena and to Allow her and Corey Brida's Deposition Despite the Closing of Non-Expert Discovery on April 16, 2018 (the Motion"). By his Motion, the defendant seeks separate court orders compelling the attendance of third party witnesses Carla Madera and Corey Brida at their depositions and to extend the time for completion of non-expert discovery so that these depositions can be completed. Ms. Madera and Mr. Brida are percipient witnesses to the events that are the basis of the plaintiffs' civil rights claims. As potential witnesses, they are not disinterested: Mr. Brida is the brother of one of the plaintiffs and Ms. Madera is represented to be Mr. Brida's significant other. The defendants have been diligent in seeking to procure the deposition testimony of Mr. Brida and Ms. Madera. While Mr. Brida and Ms. Madera have not been wholly nonresponsive, they have been less than completely cooperative. When they have appeared, each of them has unilaterally walked out of his or her deposition after an hour or two, before the defendants had completed their questioning.

1

Because Mr. Brida and Ms. Madera are percipient witnesses whom plaintiffs might call to the stand at any trial of this case, the defendants are entitled to a reasonable opportunity to take their depositions. Under the federal rules, a presumptively reasonable opportunity to take a witness deposition "is limited to one day of 7 hours" unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). So far as appears from the parties' submissions, the defendants have only taken some one or two hours of testimony from each of these witnesses before each of the witnesses chose to terminate his or her deposition. Appropriate areas of inquiry include, but are not limited to, reasonable questions on topics that might lead to the discovery of admissible impeachment material. Thus, plaintiffs' apparent contention in their opposition to defendant's Motion that the defendants should be limited to questioning Mr. Brida and Ms. Madera about the evening of February 3, 2014 is not well taken (Dkt. No. 53 at 2). Nonetheless, the defendants' right to take these depositions is subject to the limitations that questioning not be conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent," Fed. R. Civ. P. 30(d)(1)(3)(A), and that they avoid imposing undue burdens or expense on these non-parties. *See* Fed. R. Civ. P. 45(d). It may fairly be inferred that these unrepresented witnesses lack an appreciation of their obligations (and their rights) in their position as non-party deponents.

Balancing these considerations, the court grants in part and denies in part the defendant's Motion. The defendants shall have to June 8, 2018 to complete the depositions of Corey Brida and Carla Madera. The amount of time to complete each of these depositions is restricted to a total of three hours of direct examination by the defendants jointly, exclusive of breaks. Orders requiring these non-party witnesses to appear for deposition are attached hereto as Exhibits A

2

and B, and will be docketed separately. The court denies the defendant's request that Ms. Madera be required to pay fees or costs associated with the defendant's filing of this Motion.

The time for filing dispositive motions is extended to July 13, 2018. Oppositions thereto shall be filed by August 10, 2018, with reply briefs, if any, filed by no later than August 24, 2018. If no dispositive motions are filed, a brief status report so indicating shall be filed with the court by no later than July 20, 2018.

It is so ordered.

Dated: May 15, 2018

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE